IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Maryanne Wallace, an individual, Ronald Wallace, an individual,<br><br>               Plaintiffs,<br><br>v.<br><br>James Ely, an individual, Lisa Ely, an individual,<br><br>               Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE<br><br>Case No. 2:15-cv-00124-BCW<br><br>Magistrate Judge Brooke Wells |

Pending before the court is Defendants' Motion for Summary Judgment.[1] The parties consented to the jurisdiction of the undersigned based upon 28 U.S.C. 636(c).[2] The court heard argument on Defendants motion where Brett Chambers represented Plaintiffs and Bryan Fishburn represented Defendants. As set forth below the court GRANTS IN PART the motion and DISMISSES this case WITHOUT PREJUDICE.

## BACKGROUND

Plaintiffs Ron and Maryanne Wallace allege Defendants James and Lisa Ely promised them that if they built a home on the Ely's property that they could have a life estate on the property until they passed away. No agreement was formalized or written but the Wallaces agreed to pay for the cost of the materials to build the home and the Elys agreed to help build the home and provided their land for it. Maryanne Wallace is James Ely's mother.

---

[1] Docket no. 26.

[2] Docket no. 13.

The home was constructed and the Wallaces moved in.[3] Everyone was happy and it seemed like the friendly family arrangement for the little house on the prairie (referred to by the parties as "the cabin") would never end. But, at some point the relationship between the parties took a turn for the worse and the Elys told the Wallaces it was time to leave.[4] James' mother Maryanne and her husband Ron moved out and left to California for greener pastures. For a time the Elys continued transferring rental proceeds from the home to the Wallaces. But this arrangement also came to an end.[5] The Wallaces also allege they loaned the Elys some money during the happier times to purchase certain construction equipment.[6]

In 2013 the Wallaces jointly filed a voluntary petition in California for relief under Chapter 7 of the U.S. Bankruptcy Code. The Wallaces signed and filed their required Schedules and Statement of Financial Affairs. A copy of these filings is attached to Defendants' Motion to Dismiss.[7] The Wallaces listed their assets and creditors, but failed to list any claim they may have had against the Elys or any claim they may have had to their old home on the Elys' property. The Wallaces received a discharge of debts on October 15, 2013 and their bankruptcy case was closed on October 21, 2013.[8]

In October 2015 the Wallaces brought the instant case alleging eight causes of action against the Elys. These include unjust enrichment, promissory estoppel, constructive fraud, fraud, negligent misrepresentation, breach of the implied covenant of good faith and fair dealing,

---

[3] Complaint p. 3, docket no. 23.

[4] *Id.*

[5] *Id.*

[6] *Id.* p. 4.

[7] Motion for Summary Judgment ex. G, docket no. 26.

[8] *See id.*

intentional or negligent infliction of emotional distress and a claim for "Quite Title and Equitable Relief." The Wallaces seek not less than $100,000 in damages and reasonable attorney fees.[9]

## DISCUSSION

Approximately a month and a half after the Wallaces filed their Amended Complaint[10] Defendants moved for Summary Judgment.[11] Defendants argued that Plaintiffs' causes of action belonged to the bankruptcy estate because the Wallaces failed to disclose them during the bankruptcy proceedings. Therefore, the "real party in interest" under the Federal Rules was not before this court. Defendants further argued that the doctrine of judicial estoppel warranted dismissal of this case because the Wallaces position in this case is inconsistent with that taken in the bankruptcy action.

In response Plaintiffs asserted that the mistake or inadvertence in failing to disclose their current claims in the bankruptcy case did not warrant a dismissal. Moreover, Plaintiffs did not intend to deceive the bankruptcy court and this court should look sympathetically upon their case based upon case law due to their "pure motives."[12] Plaintiffs further argue there are questions of material fact precluding summary judgment. Finally, "Plaintiffs do not dispute Defendants' argument that the claims may be the property of the bankruptcy estate. However, the proper

---

[9] Complaint p. 9-10.

[10] Docket no. 23.

[11] Docket no. 26.

[12] Plaintiffs cite to *Eastman v. Union Pacific R.Co.,* 493 F.3d 1151, 1157 (10th Cir. 2007) (explaining that "inadvert[ance] or mistake[]" apply when the "debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment."); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002) (explaining that judicial estoppel only "applies in situations involving intentional contradictions, not simple error or inadvertence;" *American Nat'l Bank of Jacksonville v. Federal Dep. Ins. Corp.*, 710 F.2d 1528, 1536 (11th Cir.1983); (explaining that judicial estoppel applies to the "calculated assertion" of divergent positions); *In re Coastal Plains, Inc.*, 179 F.3d 197, 206 (5th Cir. 1999) (explaining that the doctrine of judicial estoppel is generally applied when, 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'); *Ryan Operations G.P. v. Santiam-Midwest Lumber Co. et al.*, 81 F.3d 355, 362-63 (3d Cir.1996) ("[T]he doctrine of judicial estoppel does not apply when the prior position was taken because of a good faith mistake rather than as part of a scheme to mislead the court.");

course of action should be to allow Plaintiffs to move the bankruptcy court and attempt to remedy the situation."[13]

The court finds Defendants arguments regarding the real party in interest and ownership of the claims in this case dispositive. The real party in interest is not before the court and the court therefore dismisses this action. Plaintiffs do not dispute Defendants' arguments that the claims may be the property of the bankruptcy estate and the court agrees with Plaintiffs' suggestion that they should be given the opportunity to move the bankruptcy court to reopen their case. Accordingly the court dismisses this action without prejudice and encourages Plaintiffs to petition the bankruptcy court to reopen their case.

## CONCLUSION AND ORDER

For the reasons set forth above the court GRANTS IN PART Defendants' Motion for Summary Judgment. This case is DISMISSED WITHOUT PREJUDICE and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED this 8 April 2016.

Brooke C. Wells
United States Magistrate Judge

---

[13] Op. p. 10.